**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| ROBERT A. BURKE, | : |
|  | : Civil Action No. 17-7870(RMB) |
| Plaintiff, | : |
|  | : |
| v. | : **OPINION** |
|  | : |
| JEFF SESSIONS, *et al.*, | : |
|  | : |
| Defendants. | : |

**BUMB**, District Judge

Plaintiff, Robert A. Burke ("Burke"), a prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, filed this civil rights complaint on October 4, 2017. (Compl., ECF No. 1.) On November 21, 2017, Burke filed an amended complaint. (Am. Compl., ECF No. 3.) Burke paid the Court's filing fee for this action on December 11, 2017.

28 U.S.C. § 1915A provides, in relevant part:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or

>     dismiss the complaint, or any portion of the
>     complaint, if the complaint--
>
> > (1) is frivolous, malicious, or fails to
> > state a claim upon which relief may be
> > granted; or
> >
> > (2) seeks monetary relief from a
> > defendant who is immune from such relief.

I.   BACKGROUND

Burke asserts jurisdiction under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Civil Rico statute, 18 U.S.C. §§ 1961 *et seq.* He names as defendants U.S. Attorney General Jeff Sessions, Bureau of Prisons ("BOP") Director Mark S. Inch; BOP Northeast Regional Director M.D. Carvajal; Warden David Ortiz; Acting Warden Mr. Smith; Director BOP Designation and Sentence Computation Center ("DSCC") Jose Santana; and John and Jane Does 1-20. (Am. Compl., ECF No. 3.)

Burke alleged the following facts in his amended complaint. On September 4, 1998, Burke was arrested in London, England at the request of the defendants, and held without bail or bond until October 1 or 2, 2001, for a total of 1,123 days. (Id. at 13, ¶8.) Burke was extradited to the United States on October 2, 2001. (Id., ¶9.)

Burke exhausted his administrative remedies with the Bureau of Prisons. (Am. Compl., ECF No. 3 at 14, ¶10.) Upon receiving

2

Burke's administrative remedy requests[1] on forms BP-8 and BP-9, Defendant Ortiz warned Burke not to pursue a BP-10 or BP-11 remedy. (Id., ¶11.) Despite Ortiz's warning, Burke filed a BP-10 remedy request. (Id.)

BOP Northeast Regional Director M.D. Carvajal issued a warning to prevent Burke from filing a BP-11 remedy request. (Id., ¶12.) Burke filed a BP-11 remedy request, and it was denied by Defendant Mark S. Lynch on August 12, 2017. (Id., ¶13.) Upon denying Burke's BP-11, Inch warned Burke not to pursue this lawsuit. (Id., ¶14.) Defendant Santana, Director of the BOP DSCC, also denied Burke's remedy request for 1,123 days of jail credit. (Id. at 14-15, ¶15.) Defendant Sessions "was notified of this issue & has intentionally failed to correct the [] record." (Id. at 15, ¶16.)

In support of his RICO claim, Burke alleged Defendants Sessions, Inch, Carvajal, Ortiz, Santana and others conspired to prevent him from exercising his due process rights, and violated his right to access the courts and freedom of speech by: (1) denying his BP-8 and BP-9 remedy requests and threatening him not to file a BP-10; (Am. Compl., ECF No. 3 at 15, ¶¶17, 18); and (2)

---

[1] The BOP has established an administrative remedy program that allows an inmate to seek formal review of an issue relating to any aspect of his/her confinement. See 28 C.F.R. §§ 542.10-542.19. Use of specific forms, BP-9 through BP-11, is required at each formal stage of review. Id. §§ 542.14-15.

3

retaliating against him for exercising his right of access to the courts or due process. (Id. at 16, ¶19.)

Unrelated to the above, Burke also alleged Defendants Ortiz, Smith and Santana "allow[ed] me to live in a unhealthy environment [sic] living conditions such as: Black Mold in showers; Asbestos; Tainted Water; Aircraft exhaust poison; Noise pollution; among other things[.]" (Id. at 5.)

For relief, Burke seeks a preliminary injunction granting him 1,123 days of jail credit. (Id. at 18, ¶¶24-26.) He also requests a declaratory judgment that the defendants violated the Civil RICO statute and the First, Fifth and Eighth Amendments of the United States Constitution. (Id. at 23.) He further seeks compensatory and punitive damages. (Id. at 23-34.)

II. DISCUSSION

Courts must liberally construe documents that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Here, Burke is a prisoner who is seeking relief from a governmental employee. Therefore, the Court is required to sua sponte dismiss any claim that is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The standard for assessing whether a complaint fails to state a claim upon which relief may be granted under § 1915(A)(b)(1) is identical to the legal standard used for ruling on a motion to dismiss pursuant to

4

Federal Rule of Civil Procedure 12(b)(6). Courteau v. U.S., 287 F. App'x 159, 162 (3d Cir. 2008) (per curiam) (citing e.g. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

A court must accept as true the factual allegations in a complaint. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but

must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

    A.   <u>Miscalculation of Sentence Claim Must be Brought in a Habeas Petition under 28 U.S.C. § 2241</u>

The appropriate vehicle to challenge the BOP's calculation of a prisoner's sentence is in a habeas petition under 28 U.S.C. § 2241. Eiland v. Warden Fort Dix FCI, 634 F. App'x 87, 89 (3d Cir. 2015); Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997). A claim that the BOP miscalculated Burke's sentence, if successful, would result in his speedier release from prison. Thus, this claim "lies at the core of habeas" and cannot be brought as a civil rights action. Eiland, 634 F. App'x at 89 (quoting Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)).

Moreover, in his amended complaint, Burke stated he has "[n]ever filed any previous lawsuit anywhere." (Am. Compl., ECF No. 3 at 3, ¶2a.) This is not true.[2] Burke filed two habeas petitions under 28 U.S.C. § 2241, seeking jail credit for the time he spent in confinement in London. See Burke v. Hollingsworth, Civ. Action No. 16-1290(RMB), 2017 WL 1540388 (D.N.J.); Burke v.

---

[2] Burke also filed a civil rights action against the prosecutor involved in his extradition from the United Kingdom. Burke v. MacArthur, Civ. Action NO. 15-6093(RMB), 2015 WL 5970725 (D.N.J.).

Lockett, 499 F. App'x 613, 614 (7th Cir. 2013). In both cases, the court found Burke was not entitled to relief. Id.

Unless Burke has a new basis for his claim that he is entitled to sentencing credit for the 1,123 days spent in the United Kingdom awaiting extradition, his § 2241 petition would be subject to dismissal pursuant to 28 U.S.C. § 2244(a). See Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam) (holding that district court, pursuant to 28 U.S.C. § 2244(a), properly dismissed § 2241 petition which raised issues already addressed in an unsuccessful § 2241 petition); accord Henderson v. Bledsoe, 396 F. App'x 906, 907 (3d Cir. 2010) (per curiam).[3] Burke cannot get around § 2244(a) by bringing his claims in a Bivens action. The Bivens claim based on alleged miscalculation of Burke's sentence is dismissed with prejudice for failure to state a claim.

B. First Amendment Retaliation Claim

Plaintiff alleged the defendants retaliated against him for filing administrative remedy requests and this lawsuit. He alleged

---

[3] 28 U.S.C. § 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

7

only that defendants warned or threatened him to stop filing administrative remedy requests. To state a retaliation claim, a plaintiff must establish that: "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision" to retaliate against him. Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016) (quoting Rauser v. Horn, 241 F.3d 330, 333-34 (2001)). A prisoner satisfies the adverse action requirement "by demonstrating that the action 'was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights.'" Rauser, 241 F.3d at 333 (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)).

Burke alleged only that defendants warned or threatened him against taking the next step in the administrative remedy program and filing a civil rights suit. He did not describe the nature of the warning or threat made by each individual defendant. Burke's allegations are too vague to establish that each defendant took an adverse action against him that was sufficient to deter a person of ordinary firmness from exercising his right to seek redress for his grievances. Therefore, the retaliation claims are dismissed without prejudice.[4]

---

[4] The Court notes that if Plaintiff amends his complaint to state a viable First Amendment retaliation claim, the claim would be

8

C. Fifth and Eighth Amendment Claims

1. Jail credit claims

Burke's Fifth Amendment[5] and Eighth Amendment claims for damages based on his confinement for 1,123 days for which he believes he should have been given jail credit are barred by Heck v. Humphrey, 512 U.S. 477 (1994). "[A] § 1983 claim [or Bivens] … is barred, regardless of the target of the lawsuit, if success in the § 1983 action [or Bivens] 'would necessarily demonstrate the invalidity of confinement or its duration.'" Royal v. Durison, 254 F. App'x 163, 165 (3d Cir. 2007) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (alterations added). Before a plaintiff may assert such a claim for damages he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus..." Heck, 512 U.S. at 486-87. Therefore, the Fifth and Eighth Amendment Bivens claims are dismissed without prejudice as Heck-barred.

---

subject to the "special factors analysis" set forth by the Supreme Court in Ziglar v. Abbasi, 137 S.Ct. 1843 (2017). Ziglar requires district courts to determine whether an implied cause of action should be created under Bivens to permit a claim in a new Bivens context, where the Supreme Court has only recognized a Bivens cause of action in three prior cases.

[5] The Court construes Burke's Fifth Amendment claim as a substantive due process claim for loss of liberty. See e.g.

## 2. Conditions of confinement claim

The amended complaint also contains an Eighth Amendment conditions of confinement claim based on exposure to black mold, asbestos, tainted water, aircraft exhaust, and noise pollution. While such a claim may potentially be brought in a Bivens action,[6] Burke failed to allege sufficient facts to state a claim.

To state a cognizable Eighth Amendment conditions of confinement claim, a plaintiff must allege facts indicating (1) "an 'objectively, sufficiently serious' deprivation and (2) that the officials being sued had 'sufficiently culpable states of mind.'" Ridgeway v. Guyton, 663 F. App'x 203, 205 (3d Cir. 2016) (Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). The "state of mind" required is that of deliberate indifference by a prison official. Parkell v. Danberg, 833 F.3d 313, 335 (3d Cir. 2016)

The first prong is met by alleging conditions that deprive the prisoner of "the minimum of civilized life's basic necessities—food, water, shelter." Id. (citing Tillery v. Owens, 907 F.2d 418, 426-27 (3d Cir. 1990)). In determining whether a prisoner was deprived of life's basic necessities, courts often look at the

---

[6] See Ziglar, supra note 4.

length of time a prisoner was subjected to unhealthy or unsanitary conditions. See Tillery, 907 F.2d at 427 (citing examples.)

Here, Burke has not sufficiently described the conditions of confinement to establish the first prong of the Eighth Amendment claim, an objectively, sufficiently serious deprivation. The claim is deficient because he has not described the length or degree of his exposure to the alleged unhealthy conditions or the effect of the conditions on him.

Furthermore, the only allegation as to the defendants' state of mind is that they "allowed" Burke to live in such conditions. This is insufficient to state a claim. "A prison official is deliberately indifferent if the official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" Parkell, 833 F.3d at 335 (quoting Chavarriaga v. New Jersey Dept. of Corr., 806 F.3d 210, 229 (3d Cir. 2015) (quotation omitted)). Deliberate indifference may be demonstrated "'by showing that the risk of harm was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past such that the defendants must have known about the risk.'" Id. (quoting Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 259 (3d Cir. 2010) (quotation marks omitted in original)). The plaintiff must show that the officials were aware of facts from which the inference could be drawn that a substantial risk of harm exists, and that they also drew the

inference. Id. (quotation and alteration marks omitted in original).

The Eighth Amendment claim is dismissed without prejudice because Burke has not alleged sufficient facts to state a claim for relief.[7] Burke should also be aware that 42 U.S.C. § 1997e provides "[n]o action shall be brought with respect to prison conditions under … any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

D. Civil RICO claim

"Under the RICO, a person who is injured by reason of a criminal RICO violation may bring a civil action against the RICO violator." Smith v. Hildebrand, 244 F. App'x 288, 290 (11th Cir. 2007) (citing 18 U.S.C. § 1964). "It is well-settled that the alleged injury must arise from an unlawful act specified in 18 U.S.C. § 1961(1)." (Id.) (citing Beck v. Prupis, 529 U.S. 494, 504-06, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000) ("we conclude that an injury caused by an overt act that is not an act of racketeering or otherwise wrongful under RICO, … is not sufficient to give rise to a cause of action under § 1964(c) for a violation of § 1962(d)"); but see Smith v. Berg, 247 F.3d 532, 538 (3d Cir. 2001) ("a plaintiff could, through a § 1964(c) suit for violation of 1962(d),

---

[7] This claim is also subject to the Ziglar analysis. See supra note 4.

sue co-conspirators who might not themselves have violated one of the substantive provisions of § 1962" (quoting Beck, 529 U.S. at 506-07.))

The racketeering activity alleged by Plaintiff is warning or threatening him not to file administrative grievances and retaliating against him in a manner he did not describe. These are not unlawful acts specified as racketeering activity under 18 U.S.C. § 1961(1)). Having failed to allege any racketeering activity by any co-conspirator, the Civil RICO conspiracy claim is dismissed without prejudice for failure to state a claim under 28 U.S.C. § 1915A. See Gaskins v. Santorum, 324 F. App'x 147, 149 (3d Cir. 2009) (affirming dismissal of Civil RICO claim pursuant to § 1915(e)(2)(B), where claim did not contain "elements of a cause of action nor facts that identify proscribed conduct.")

E. Pending Motions

Within his amended complaint, Burke alleged that he has established the elements necessary to grant preliminary injunctive relief on his claims for jail credit. (Am. Compl., ECF No. 3, ¶¶24-26.) Because the amended complaint is dismissed for failure to state a claim, the request for preliminary injunctive relief is moot.

On January 24, 2018, Burke filed a motion requesting the Clerk to issue summons in this matter. (Mot. for Summons, ECF No. 6). This motion is also moot because this action is dismissed pursuant

13

to 28 U.S.C. § 1915A, which requires the Court to review the complaint "before docketing, if feasible" and dismiss the complaint if it fails to state a claim upon which relief may be granted.

III. CONCLUSION

For the reasons discussed above, the <u>Bivens</u> claim based on alleged miscalculation of Burke's sentence is dismissed with prejudice for failure to state a claim; and the remainder of the amended complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

An appropriate Order follows.

Dated: February 7, 2018        s/Renée Marie Bumb
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**