**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| ROBERT A. BURKE, | : | |
| Plaintiff, | : | Civil Action No. 17-7870(RMB) |
| v. | : | **OPINION** |
| JEFF SESSIONS, *et al.*, | : | |
| Defendants. | : | |

**BUMB**, District Judge

Plaintiff, Robert A. Burke ("Burke"), a prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, filed this civil rights complaint on October 4, 2017. (Compl., ECF No. 1.) On November 21, 2017, Burke filed an amended complaint (Am. Compl., ECF No.3). By Opinion and Order dated February 7, 2018, this Court dismissed without prejudice Plaintiff's First Amendment retaliation claim, Plaintiff's Eighth Amendment conditions of confinement claim, and Plaintiff's Civil Rico claim. (Opinion and Order, ECF Nos. 7, 8.) The Court also dismissed with prejudice Plaintiff's Due Process claim seeking 1,123 days of jail credit for time he spent in confinement in London, England. (Opinion, ECF No. 7 at 6-7.) Plaintiff's Second Amended Complaint is now before this Court. (Second Am. Compl., ECF No. 9.)

I.  SUA SPONTE DISMISSAL

28 U.S.C. § 1915A provides, in relevant part:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

"While the Third Circuit has not ruled on the issue, other courts of appeals have found that this screening provision applies regardless of whether the prisoner paid the filing fee[,]" as Plaintiff has done here. See Sudler v. Danberg, 635 F. Supp. 2d 356, 358 (D. Del. 2009) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (joining Fifth, Sixth, and Tenth Circuits); Lewis v. Estes, 242 F.3d 375 (Table), 2000 WL 1673382, at *1 (8th Cir. 2000); Rowe v. Shake, 196 F.3d 778, 781 (7th Cir. 1999)).

Additionally, 42 U.S.C. § 1997e(c) provides:

> (c) Dismissal
>
>> (1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison

> conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.
>
> (2) In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

II. DISCUSSION

   A.   <u>Due Process Claim</u>

In his Second Amended Complaint, Plaintiff seeks relief of an order granting him jail credit against his sentence for 1,123 days spent confined in London, England pending extradition. (Second Am. Compl., ECF No. 9 at 2-3.) Plaintiff had alleged this claim in his [first] Amended Complaint and the Court dismissed the claim with prejudice for lack of jurisdiction. (Opinion, ECF No. 7 at 7.) The Court advised Plaintiff that claims against the Bureau of Prisons for sentencing credit must be brought as petitions for writ of habeas corpus under 28 U.S.C. § 2241. (Opinion, ECF No. 7 at 6-7); see <u>Hasan v. Sniezek</u>, 379 F. App'x 232, 234 (3d Cir. 2010) ("a challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241.) Therefore, the Court denies Plaintiff's

request for reconsideration of dismissal of this Due Process claim in a Bivens action.

B.   First Amendment Retaliation[1]

Plaintiff alleges John Doe #1, a corrections officer, and Warden David Ortiz retaliated against him in violation the First Amendment by ordering him to stop filing administrative remedies and telling him that it was his last warning. (Second Am. Compl., ECF No. 9 at 8-9.) Plaintiff also alleges a First Amendment retaliation claim against Jose Santana, Director of the Bureau of Prisons Designation & Computation Center, because Santana ignored his request for intervention on Plaintiff's claim for jail credit. (Second Am. Compl., ECF No. 9 at 7, 10.)

Plaintiff also sues more remote supervisory officials for retaliation. He alleges Mark S. Inch, National Director of the Federal Bureau of Prisons and M.D. Carvajal, Northeast Regional Director of the Federal Bureau of Prisons threatened him not to file any more grievances. (Second Am. Compl., ECF No. 9 at 5-6, 11.) Plaintiff alleges U.S. Attorney General Jeff Sessions

---

[1] Plaintiff also allege that the defendants' retaliatory conduct violated his Fifth Amendment right to due process. Under the more-specific-provision-rule . . . "if a constitutional claim is covered by a specific constitutional provision … the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260 (3d Cir. 2010) (quoting United States v. Lanier, 520 U.S. 259, 272 n. 7 (1997) (clarifying prior holding in Graham v. Connor, 490 U.S. 386 (1989)).

4

retaliated against him for complaining to him, but Plaintiff did not describe how the Attorney General retaliated. (Second Am. Compl., ECF No. 9 at 5.)

"[T]he key question in determining whether a cognizable First Amendment claim has been stated is whether 'the alleged retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.'" Thomas v. Indep. Twp., 463 F.3d 285, 296 (3d Cir. 2006) (quoting McKee v. Hart, 436 F.3d 165, 170 (3d Cir. 2006) (quoting Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)). None of the adverse actions alleged by Plaintiff are enough to deter a person of ordinary firmness from exercising his constitutional rights.

Mere verbal harassment or threats do not constitute actionable adverse action for First Amendment retaliation claims. See Marten v. Hunt, 479 F. App'x 436, 439 (3d Cir. 2012); accord Burgos, 358 F. App'x at 306. Rejection of grievances is not an adverse action for retaliation purposes, Owens v. Coleman, 629 F. App'x 163, 167 (3d Cir. 2015); Burgos v. Canino, 358 F. App'x 302, 306 (3d Cir. 2009) nor is mishandling of prison grievances adverse enough to deter a prisoner from exercising his right of access to the courts, see Iwanicki v. Pennsylvania Dept. of Corrections, 582 F. App'x 75, 81 (3d Cir. 2014) (dismissing claim that mishandling grievance was institutional retaliation).

After several opportunities to amend his complaint to allege facts supporting his First Amendment retaliation claims, Plaintiff has alleged only that the defendants vaguely threatened him to stop complaining or filing grievances, rejected his grievances or interfered with the prison grievance procedures. Plaintiff has not described any threats that rise above mere verbal harassment or vague threats by remote supervisory officials. The Court concludes that giving Plaintiff further opportunity to amend his First Amendment retaliation claims would be futile because Plaintiff has been given multiple opportunities to provide any facts that might establish a claim and has failed to do so. Therefore, the First Amendment claims are dismissed with prejudice.

C.  Denial of Access to Courts

Plaintiff alleges Defendants Ortiz, Carvajal, Inch, Santana and Sessions violated his right of access to the courts by destroying or denying his administrative grievance forms. (Second Am. Compl., ECF No. 9 at 13-14.) However, there is no constitutional right to a prison grievance procedure. Tapp v. Proto, 404 F. App'x 563, 566 (3d Cir. 2010) (per curiam); Davis v. Samuels, 608 F. App'x 46, 49 (3d Cir. 2015) (per curiam).

Plaintiff might be attempting to base his access to courts claim on the statutory requirement to exhaust administrative remedies before a prisoner may bring a civil action with respect to prison conditions. 42 U.S.C. § 1997e(a) provides that "[n]o

action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Section 1997e(a) does not bar suit where administrative remedies are unavailable to a prisoner because prison administrators "thwart[ed] inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 136 S. Ct. 1850, 1859-60 (2016). Here, Plaintiff has alleged the defendants thwarted his attempt to exhaust his administrative remedies. Under such circumstances, if true, Plaintiff is not barred by § 1997e(a) from bringing a conditions of confinement claim if administrative remedies were unavailable. Thus, Plaintiff fails to state a denial of access to courts claim, and this claim is dismissed with prejudice because amendment is futile.

D. Eighth Amendment Conditions of Confinement Claim

The Court previously dismissed Plaintiff's Eighth Amendment conditions of confinement claim in his [first] Amended Complaint because he failed to allege facts to establish the defendants' deliberate indifference to his health or safety. (Opinion at 10-12, ECF No. 7.) In his Second Amended Complaint, Plaintiff has alleged additional facts concerning his exposure to hazardous environmental conditions and that John Doe #1 and Warden Ortiz

responded to his complaints by telling him to stop filing grievances because they do no want the prison to be shut down. (Second Am. Compl., ECF No. 9 at 8-9.) The Eighth Amendment conditions of confinement claim may proceed against John Doe #1 and Warden David Ortiz.

Plaintiff also seeks to bring his conditions of confinement claim against supervisory defendants who are not directly knowledgeable of the conditions in FCI Fort Dix, including U.S. Attorney General Jeff Sessions, National Director of the Federal Bureau of Prisons Mark S. Inch, BOP Northeast Regional Director M.D. Carvajal, and Director of the BOP Designation & Computation Center Jose Santana. (Id. at 6-7.) Plaintiff has alleged only that he advised these defendants of the conditions at FCI Fort Dix and they failed to do anything.

"'There are two theories of supervisory liability,' one under which supervisors can be liable if they 'established and maintained a policy, practice or custom which directly caused [the] constitutional harm,' and another under which they can be liable if they 'participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations.'" Santiago v. Warminster Tp., 629 F.3d 121, 129 n. 5 (3d Cir. 2010) (quoting A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir.2004) (second alteration in original)).

8

Plaintiff has not alleged facts establishing supervisory liability of Defendants Sessions, Inch, Carvajal and Santana for the conditions of confinement at FCI Fort Dix. The Court will dismiss these claims without prejudice.

D. Civil RICO claim

"[A] person who is injured by reason of a criminal RICO violation may bring a civil action against the RICO violator." Smith v. Hildebrand, 244 F. App'x 288, 290 (11th Cir. 2007) (per curiam) (citing 18 U.S.C. § 1964). "It is well-settled that the alleged injury must arise from an unlawful act specified in 18 U.S.C. § 1961(1)." (Id.) (citing Beck v. Prupis, 529 U.S. 494, 504-06 (2000) ("we conclude that an injury caused by an overt act that is not an act of racketeering or otherwise wrongful under RICO, … is not sufficient to give rise to a cause of action under § 1964(c) for a violation of § 1962(d)"); Langford v. Rite Aid of Ala., Inc., 231 F.3d 1308, 1311-12 (11th Cir. 2000) (defining racketeering activity as those acts listed in § 1961(1)).

Plaintiff asserts that violation of his constitutional rights by First Amendment retaliation, denial of due process for failing to grant prior custody credit, violation of the Eighth Amendment by subjecting him to unsafe conditions of confinement and violation of his First Amendment right of access to courts are racketeering activity in support of his Civil RICO claim. (Second Am. Compl., ECF No. 9 at 11-12.) The constitutional violations

alleged by Plaintiff are not among the unlawful acts specified as racketeering activity under 18 U.S.C. § 1961(1)).

The Civil RICO conspiracy claim is dismissed for failure to state a claim under 28 U.S.C. § 1915A. Dismissal is with prejudice because further opportunity to amend is futile because Plaintiff has repeatedly alleged predicate acts that do not constitute racketeering activity under § 1961(1). See Gaskins v. Santorum, 324 F. App'x 147, 149 (3d Cir. 2009) (per curiam) (affirming dismissal of Civil RICO claim pursuant to § 1915(e)(2)(B), where claim did not contain "elements of a cause of action nor facts that identify proscribed conduct.")

III. CONCLUSION

For the reasons discussed above, Plaintiff's Eighth Amendment conditions of confinement claim may proceed against John Doe #1 and Warden David Ortiz. The Eighth Amendment conditions of confinement claims against Sessions, Inch, Carvajal and Santana are dismissed without prejudice for failure to state a claim, under 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c). The remainder of the claims in the Second Amended Complaint are dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915A(b)(1). An appropriate Order follows.

Dated: December 14, 2018    s/Renée Marie Bumb
                            **RENÉE MARIE BUMB**
                            **United States District Judge**